UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**JAMES STEPHEN ALDERDICE**                           **CIVIL ACTION**

**VERSUS**                                             **NUMBER 09-406-RET-DLD**

**LOWE'S HOME CENTERS, INC., ET AL.**

### MAGISTRATE JUDGE'S REPORT

This personal injury matter is before the court on plaintiff's motion to remand (rec. docs. 4 and 7). Defendants removed this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, based on diversity jurisdiction. See 28 U.S.C. §1332. The issues before the court are whether the removal was timely and whether the non-diverse defendant managers, Reggie Wells, Charlie Doucet, and Corey Young, were improperly joined to destroy diversity jurisdiction. The motion is opposed (rec. docs. 6 and 12).

### Background

According to plaintiff's petition, on March 5, 2008, plaintiff was shopping at the Lowe's Home Center (Lowe's) located at 10303 South Mall Drive, Baton Rouge, Louisiana. As plaintiff was exiting the store, the wheel of his fully-loaded shopping cart became trapped in a hole located near the threshold of the sliding glass exit doors, causing the cart to flip and spill the contents (marble and ceramic tile) on him (rec. doc. 1-3). Following the event, the store manager on duty advised plaintiff that a contractor had been out to look at the hole, but it had not yet been scheduled for repair. Id.

As a result of the accident, plaintiff brought suit in state court against defendant Lowe's and manager defendants Wells, Doucet, and Young[1] (collectively referred to as "manager defendants") alleging that they caused his accident by creating an unreasonably dangerous situation, failing to place "warning" cones around the hole, not timely repairing the hole, failing to insist that the hole be repaired timely, and other acts of negligence. Id. Plaintiff alleges that he suffered injuries to his neck, both arms, and back, and seeks damages in the form of past, present, and future mental and physical pain and suffering, physical disability, lost wages, medical expenses, future impaired earning capacity, and loss of enjoyment of life. Id.

Defendants removed this matter based on diversity jurisdiction arguing that the non-diverse manager defendants were improperly joined to destroy diversity (rec. doc. 1) and that the amount in controversy is satisfied. Plaintiff filed a motion to remand, which is now before the court for a report and recommendation (rec. doc. 4).

**Arguments of the Parties**

Plaintiff argues that defendants have not met their burden of establishing diversity jurisdiction because they cannot prove that the non-diverse manager defendants were improperly joined to destroy diversity. Based on defendants' interrogatory responses that the hole "was an open and obvious condition for which plaintiff should have observed in the course of reasonable care," plaintiff contends that the manager defendants either were aware or should have been aware of the hole and failed to take adequate steps to prevent

---

[1] On March 5, 2008, the date of the accident, Reggie Wells was employed as Lowe's Operations Manager (March 5, 2008, was Wells' first day of work at the Lowe's Seigen location and prior to this date, he was employed at the Covington location in a non-managerial capacity); Charlie Doucet was employed as Lowe's Zone Manager for Zone 1; Corey Young was employed as Lowe's Zone Manager for Zone 2 (rec. doc. 6-2, Exhibits 1-3).

plaintiff's accident. Plaintiff further contends that the manager defendants' admission in their affidavits that they had a duty to "ensure that no hazardous or dangerous conditions are present at the store" requires them to protect against the harm suffered by plaintiff. As a result of these admissions, plaintiff argues that the manager defendants may be held personally liable for plaintiff's injuries. Plaintiff agrees that the amount in controversy in this matter exceeds $75,000; however, plaintiff argues in his reply brief that defendants' removal, filed within 30 days after the receipt of discovery, is untimely because the amount in controversy was facially apparent from the allegations in the original petition.

Defendants respond by arguing that the removal was timely filed within 30 days of discovering through plaintiff's discovery responses that the amount in controversy exceeded $75,000. Further, defendants argue that the non-diverse manager defendants did not owe a personal duty to plaintiff and cannot be held liable for their general administrative duties as store managers. All three manager defendants offer supporting affidavits in which they state that they had no knowledge of the hole at the time of plaintiff's accident, they were not present at the location at the time of the accident, and they had no contact with plaintiff on the day of the accident (rec. doc. 6-2, Exhibits 1-3). Thus, the manager defendants contend that they were improperly joined and that their citizenship should be disregarded when considering diversity of citizenship.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court

lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008). The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.

With respect to timing, a party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. See 28 U.S.C. §1446(b). Regardless of whether the case is initially removable or becomes removable at a later date, a case may not be removed based on diversity jurisdiction more than one-year after commencement of the action. Id.

Timeliness

Plaintiff claims that defendants' removal was untimely because it occurred more than 30 days after the petition was filed. Defendants contend that plaintiff's allegations in the petition did not establish that more than $75,000 was in controversy, and that the matter did not become removable until they received "other paper" from which they could determine the amount in controversy.

Defendants removed this matter on June 29, 2009, which was within 30 days of the time they received plaintiff's June 22, 2009, discovery responses. Although plaintiff had undergone an anterior cervical discectomy and fusion at the time the petition was filed, plaintiff failed to include that information in his petition and only vaguely alleges that he

suffered "injuries to his neck, right and left arm, and back" (rec. doc. 1-3). Plaintiff's June 22, 2009, discovery responses not only indicate that plaintiff underwent surgery for his injuries, but also indicate that plaintiff suffered over $47,000 in lost wages as a result of the accident (rec. doc. 1-4).

Plaintiff's vague description of his injuries in the petition and prayer for damages in an amount "which exceeds that required for trial by jury" are not dispositive and do not make it facially apparent that plaintiff's injuries exceeded the requisite amount in controversy at the time he filed the petition. See *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. 2009) (plaintiff's allegations that her damages exceeded $50,000 for the purpose of securing a jury trial under Louisiana law, contending that "it is not that much of a stretch to get from $50,000 in damages to $75,000, is not sufficient to make it facially apparent that plaintiff's claims exceed $75,000); *Brown v. Buerger*, 2005 WL 2487949, *2 (W.D.La. October 7, 2005). Thus, defendants removal was timely filed within 30 days of plaintiff's discovery responses, which show that the amount in controversy is more than $75,000.

Improper Joinder

At this time, the parties to this case are not diverse[2]; however, defendants argue that the non-diverse manager defendants were improperly joined, and their citizenship should be disregarded for purposes of determining diversity of citizenship. The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability

---

[2] Plaintiff is a citizen of Louisiana; Lowe's Home Centers, Inc. Is a North Carolina corporation with its principal place of business in North Carolina; manager defendants Wells, Doucet, and Young are all citizens of Louisiana(rec. docs. 1 and 1-3).

of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

Fraud in the pleadings is not an issue in this case. Rather, defendants seek to prove improper joinder by proving that plaintiff has no reasonable possibility of recovery against the manager defendants because they did not owe a personal duty to plaintiff. Thus, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. When determining improper joinder, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere,* 893 F.2d at 100. Moreover, the court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of plaintiff. *Guillory*, 434 F.3d at 308.

The Fifth Circuit, in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), embraced the guidelines as set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), in determining whether personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;
2. This duty is delegated by the employer to the employee;
3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and
4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the

> plaintiff's damages.  If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its non- performance or mal-performance and has nevertheless failed to cure the risk of harm.

The burden is on the defendants to show that there is no reasonable possibility of recovery against the non-diverse manager defendants.

The courts in *Canter* and *Ford* explain that the breach of a duty through personal fault occurs when:

> [t]he defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well *as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.*

*Ford*, 32 F.3d at 936; *Canter*, 283 So.2d 721 (emphasis added).

Thus, if one of Lowe's store managers was responsible for the safety of patrons, and he knew or should have known of the allegedly defective condition that caused plaintiff's accident, and nevertheless failed to respond in a reasonably prudent manner to that risk of harm, then there certainly is the possibility of liability against one or more of the managers for any harm suffered by a patron as the result of the hazard. E.g, *Ford v. Elsbury*, 32 F.3d 931, 935-36 & 938-39 (5th Cir. 1994); *Powell v. B.P. Chemicals*, 847 F.Supp. 444, 447-48 (M.D. La. 1993); *Cole v. Celotex Corp.*, 588 So.2d 376, 382-383 (La. App. 3 Cir. 1991).

The main thrust of defendants' arguments seek to dilute plaintiff's allegation in the petition where he states that after the accident, "the store manager on duty advised [him] that a contractor had been out to look at the hole, but that it had not yet been scheduled for repair."(rec. doc. 1-3) The three store manager defendants submit almost identical affidavits

in which they state that they did not know about the hole, were not at the location of the accident when it happened, did not cause the accident, and did not speak to the plaintiff. (rec. doc. 6-2, Exhibits 1-3)

The defendants, however, focus on a red herring. The possibility of liability does not hinge on the identity of the person plaintiff spoke to about the hole. Nor do defendants' statements distancing themselves from the scene of the accident and from knowledge about the alleged hazard eliminate the possibility of liability. The possibility of liability against any of the store managers depends upon whether the store managers had a personal duty to the plaintiff and whether they have shown that plaintiff cannot establish a breach of that duty. The defendants have not made such a showing.

First, the store manager defendants make it clear in their affidavits that they are responsible for "ensur[ing] that no hazardous or dangerous conditions are present at the store" and for taking certain steps to ensure the safety of the store patrons and employees. Id. Given that duty, the next step is to determine whether or not the store managers were aware of or *should have been aware of* an allegedly hazardous condition (the hole in the concrete). The defendant managers state that they were not aware of the hole, but plaintiff's statement in his petition, which must be considered for purposes of the analysis, shows that the hole had existed for some time, because someone had been called to repair the hole. A hole in concrete is not like a transient condition such as a spill on the floor. Even defendants claim that the hole was not a condition that was, or should have been, unknown – defendants state in their interrogatory responses that the hole was an "open and obvious condition for which plaintiff should have observed in the course of reasonable care" (rec. doc. 7-5). Defendants cannot have it both ways – if plaintiff should have observed the

hole when exiting the store, the manager defendants, who work at the store on a daily basis, certainly should have been aware of the hole. Thus, the store managers, under these allegations, should have known of the existence of the alleged hazard which had been there some time.

Furthermore, the resolution of an alleged hazardous condition created by a hole in concrete is not the sort of transient hazardous condition that is routinely delegated to the responsibility of other employees to identify and remedy. Cleaning up spills or items dropped in aisles are routinely delegated tasks, and while they may fall generally under the administrative duties of managers, they are not the sorts of duties that would create personal liability on the part of the manager to a plaintiff, absent the manager's having some direct and personal role in the incident. A hole in concrete, on the other hand, is a more or less permanent condition that exists until such time as someone can be hired to repair it, and such decisions are generally those of management.[3] And if the hole presents a hazardous condition and cannot be repaired instantly, the store managers would have a duty to both patrons and employees to see that the area is made safe in the interim before permanent repairs can be made. Plaintiff alleges that the defendants did not take any precautionary measures, such as placing cones around the hole or otherwise indicating its existence to patrons. Thus, the manager defendants' statements that they did not speak to the plaintiff, were not present at the location of the accident when it happened and were not "aware" of the hole at the time of the accident do not relieve them from their obligation

---

[3] Defendants' affidavits do not limit their job duties or indicate that the duty to ensure against hazardous conditions or to repair the hole was delegated to another Lowe's employee or independent contractor.

to discover and remedy defective conditions at the store, such as a hole in concrete that had been there long enough for a reasonable person to have discovered it.[4]

### Conclusion

Considering the allegations in the light most favorable to the plaintiff, as the court must do, defendants have failed to meet their burden of showing that there is no reasonable possibility of recovery against the non-diverse manager defendants; therefore, their Louisiana citizenship should be considered when determining whether diversity jurisdiction exists in this matter.   Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 4) be **GRANTED** and that pursuant to 28 U.S.C. § 1447(c), this action be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of jurisdiction over the subject matter.

Signed in Baton Rouge, Louisiana, on October 19, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] While facts developed through discovery ultimately may result in one or more of the manager defendants being dismissed, those facts are not before the court at this time. The only conclusion the court reaches at this point of the litigation is that there is no reasonable basis for the court to predict that the plaintiff cannot recover against any one particular manager defendant as opposed to another.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES STEPHEN ALDERDICE**          **CIVIL ACTION**

**VERSUS**                           **NUMBER 09-406-RET-DLD**

**LOWE'S HOME CENTERS, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 19, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**